UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 20-22437-CIV-MORENO**

Tina Marie Villas,

        Plaintiff,

vs.

Kilolo Kijakazi, Acting Commissioner of the
Social Security Administration,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ADOPTING MAGISTRATE JUDGE LOUIS'S REPORT AND RECOMMENDATION

Both Plaintiff and Defendant have filed motions for summary judgment on this Social Security disability claim. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is **ADJUDGED** that United States Magistrate Judge Lauren F. Louis's Report and Recommendation is **AFFIRMED** and **ADOPTED**.

Plaintiff's claimed disability is back pain associated with scoliosis and nerve damage. After a hearing, the Administrative Law Judge Clara H. Aranda determined that Plaintiff was not disabled within the meaning of the Social Security Act. Specifically, the Administrative Law Judge held that Plaintiff did not have an impairment that matched or was equivalent to the impairments listed in the relevant Social Security regulations. To reach this conclusion, the Administrative Law Judge discounted Plaintiff's subjective symptom testimony as inconsistent with the medical evidence in the record. She also gave little weight to Plaintiff's treating physician's disability questionnaire, as inconsistent with the physician's own treatment records

and notes.  On the other hand, the Administrative Law Judge gave great weight to the opinions of the treating physician that were contained in his notes, and to the state agency medical consultants' opinions, as consistent with the objective medical evidence.  She determined, based on the vocational expert's testimony, that Plaintiff could still perform past relevant work as a payroll clerk.

Before this Court, Plaintiff raises three main arguments against Judge Aranda's decision. First, Plaintiff argues that she lacked good cause to extend little weight to her treating physician's opinion (Dr. Mouhanna).  But, as Judge Louis explains, one of the grounds on which an administrative law judge may discredit a treating physician's opinion is that it is inconsistent with the physician's own notes or records.  *See Schink v. Commissioner of Social Security*, 935 F.3d 1245, 1262-63 (11th Cir. 2019).  And here, Judge Aranda explained that Dr. Mouhanna's opinion contained in his disability questionnaire—that Plaintiff was limited to a range of light work and had various other physical limitations—was inconsistent with his treatment notes and the objective medical evidence in the record.

Plaintiff's second line of attack is that the Administrative Law Judge erred in assigning great weight to the opinions of the state agency medical consultants.  It is true that a non-examining physician's opinion, standing alone, does not constitute substantial evidence.  *See Kemp v. Astrue*, 308 F. App'x 423, 427 (11th Cir. 2009).  But Judge Louis explains how the Administrative Law Judge here did not rely solely on a non-examining physician's opinion. Instead, she relied on two state agency physicians, Dr. Mouhanna's opinions contained in his treatment and medical notes, and the objective medical evidence in the record.  Further, it is not error for an administrative law judge to rely on the reports of non-treating physicians when there

is good cause for not extending great weight to the treating physician's opinion. *See Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986).

Finally, Plaintiff argues that Judge Aranda erred by finding the Plaintiff's subjective symptom testimony in conflict with the medical evidence in the record. More specifically, Plaintiff contends that the Administrative Law Judge erred by finding conflict between Plaintiff's continued daily activities and her pain testimony, as well as by improperly disregarding Plaintiff's testimony about the side effects of her prescription medications. These arguments are unpersuasive, though. Magistrate Judge Louis explains that Judge Aranda highlighted substantial evidence contradicting Plaintiff's testimony. Judge Louis also explained that consideration of daily activities is proper in assessing subjective symptom testimony and that Plaintiff has not explained how her medicine's side effects should have impacted the the Administrative Law Judge's consideration of that testimony.

The Report and Recommendation properly disposes of Plaintiff's arguments. Judge Aranda's decision was supported by substantial evidence, and she did not commit any reversible legal error. Plaintiff's objections to the Report and Recommendation are largely duplicative of Plaintiff's arguments in her motion for summary judgment that are without merit.

Accordingly, it is **ADJUDGED** that Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED**.

DONE AND ORDERED in Chambers at Miami, Florida, this _10_ of November 2021.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Lauren F. Louis

Counsel of Record